Good morning, your honors. May it please the court, my name is James Todd Bennett, and I'm representing Andrea UDAVE-MENDEZ, the petitioner, and I would like to reserve two minutes for rebuttal out of my time here. The central issue, I believe in light of Lopez, which has somewhat changed the complexion of this case, the issue right before the court now is whether Lopez, this is sort of the flip of Lopez, it's a state misdemeanor and is it a felony for deportation purposes under the CSA. Now, and I think going through a Lopez analysis and applying it to this particular case, our first inquiry from the Lopez court is whether or not the offense 11366.5A under the California Health and Safety Code constitutes a illicit trafficking offense under the first wing of Lopez. I'd submit that it is not based under the narrow holding, excuse me, under the broad holding of Lopez. A state offense will only be a felony punishable under the Controlled Substance Act if it prescribes conduct punishable as a felony under the Controlled Substance Act. And under our first wing, the question is whether the statute encompasses activity that rises to the level of illicit trafficking or, as the court also phrases it in Lopez, as commerce. I think the key in this case, and it also goes to the second wing as to whether it's a felony under the CSA, is the mens rea of the state statute as opposed to the federal statute. Now, under the state statute, the key is that you simply have to knowingly rent, lease, or do any other specified act of a specified space to persons who are engaging in an unlawful activity, and it's described therein as manufacturing, more narrowly than the federal statute, I might add, manufacturing, storing, or distributing of a controlled substance. The offense is a wobbler, which is, in other words, a felony or misdemeanor, which is different than the excuse me, what takes it out of the trafficking element is, I think, essentially, first of all, the problem of knowing. Under the California law, I think we have to go back to the California statute in order to understand what they mean by knowing. And under Section 7 of the California Penal Code, you have a descending level of scienter. It's not a full range of the scienter under the California Penal Code or under the California criminal law, but it includes many definitions statutorily. Among those is knowing, and simply to knowingly commit an offense, as described in the statute, you simply have to have knowledge of the fact. In other words, the alfalfa bale smells funny, or you don't even have to have that. The alfalfa bale is there in the house or the barn. You don't need to know that it's unlawful. So, in other words, you can violate the statute without any knowledge of the actual unlawfulness of the activity. You simply need to be aware of the activity. Now, whether that rises to the level of commerce also dovetails into what kind of activities are involved. You can rent, lease, mortgage. You can be any one of those range of persons involved, which would not necessarily put you in the stream of commerce. You could be, for example, a mortgagee of the property and simply be aware that there's some activity on it. You'd be, in that case, isolated from any kind of stream of commerce. I submit the combination of the mens rea and the range of activity. Now, the state statute requires knowingly. The federal statute requires knowingly and intentionally. Correct. What does intentionally under the federal statute add, if anything, that is not comprised within the state word knowingly? That takes us into the second wing. The mens rea argument there, whether it's a CSA offense, the intent, I would submit, is specific intent. In other words, criminal intent. That would be intent to commit the actus reus, if you will, under the statute without any excuse or justification or other defense. In that case, you would actually have to know that the activity was unlawful. You would be essentially a participant in the activity by your very knowledge. That absent element, because it's knowing and, as the court points out, knowing and intentional knowledge under that statute. I would submit that under that wing of the Lopez test, there is not a fit. You have a higher level of scienter, a different mens rea altogether, actually, in the federal statute as opposed to the state statute. Could you give us a factual scenario that you think would qualify or fall under knowingly  Yes. In other words, you have to... Can you give me a hypothetical? What facts would produce something that's covered by one statute and not covered by the state statute and not covered by the federal statute? I would say that the level of burden of proof would be different. Tell me a story. You can make up the facts. I'm trying to figure out, what are we really talking about here? We've got the conviction. What kind of facts might have matched up with your client's conviction that wouldn't qualify as a violation of the federal statute? Under the first statute, the California statute, you could have, for example, a mortgagee or an owner, even, of a barn, for example. He rents it out. He's aware that people are bringing stuff in and out of the place. He could be aware of that activity, the traffic. He could be aware of even seeing lab equipment. But if he didn't know what that was, then I would say he's probably in violation of the statute, but he doesn't have the requisite criminal intent. Whereas, on the other hand, if I see that's lab equipment, I know what it is, and that's fine with me, and he may or may not be getting any kind of compensation. He doesn't have to under the statute. But that knowledge, criminal intent, that, yes, this is an unlawful act. I'm quite aware of what the REIS is, and I'm not going to do anything about it, or I'm going to participate. One or the other. Of course, if he participates, he's committing another offense. So I think that's the dividing line. Mr. Bennett, this is Silverman in Phoenix. Are you familiar with an April 2006 case called El Salvajejo-Fernandez v. Gonzalez? I am not, Your Honor. That case seems to, it deals with a close California statute, 11366, where the California statute doesn't contain, knowingly, but the federal statute does, and the court discusses that what we're really talking about is a purpose to commit the crime, and that the discrepancy in the two statutes was really of no consequence. Two other elements that I think that are, they're mentioned in the brief, and I see I'm about to run out of time here, but just briefly, the firearm element, I think it's set out in the brief, there's a literal incorporation of the firearm into the statute under the definitional element. Now, they incorporate 924C, not 924C2, and Congress could have been specific. I think Lopez Court goes at great lengths to describe what, that Congress can do irrational things, and also points out that presumably Congress knows what it's doing when it does what it does in enacting legislation. By incorporating the entire statute, it appears that he's incorporated the firearm element as well, which is, otherwise would appear to be somewhat analogous to an enhancement. However, it goes to both the crime of violence and the controlled substance offense. And then finally, the issue of whether sentencing is trumped by now, or controlled by Lopez, is problematic in this case because it's the reverse. We have a state offense, which is a misdemeanor, being considered whether it's a felony for aggravated felony purposes. Now, with that in mind, I think it's at least an issue at this point still, whether or not something that's punishable as a misdemeanor at state level can be transformed into a federal felony under the analysis in Lopez, as opposed to the other case where Lopez was actually sent to prison for five years, or sentenced to five years, on his state offense. I see I have five seconds. I'd like to reserve it. Why don't you reserve your five seconds. Thank you. We'll make sure you have enough time to say what you need to say in rebuttal. Thank you. Thank you, Mr. Bennett. Ms. Mai? May it please the Court, my name is Anne Tumai. I represent the United States Attorney General. There are actually two overarching issues presented in this case. The first is whether Petitioner's state drug offense constitutes a conviction for immigration purposes. The second one is whether her state drug offense is also an aggravated felony. In terms of whether it is a conviction, there's no dispute that her 97 conviction is a conviction for immigration purposes. The question is actually whether there's any impact by the expungement of her conviction in 2001 under California Penal Code Section 1203.4. And this Court has already recognized that an expunged conviction still remains a conviction for immigration purposes as a general rule. There is an exception, and that is if the Petitioner qualifies for Federal First Offender Act treatment. And that doesn't apply here, nor can she show it. First of all, her offense is not simply a simple possession offense, nor a lesser included offense. Moreover, she cannot meet the requirements for Federal First Offender Act treatment. Yeah. Could you spend more time on whether this is an aggravated felony? Yes, Your Honor. In terms of whether it is an aggravated felony, then the Court has recognized in Cesar Gutierrez that a conviction that is a state drug offense qualifies as a drug trafficking crime, or an illicit trafficking crime, and is therefore an aggravated felony if, one, it is punishable as a felony under the federal drug laws, or it has some sort of trafficking element. In this case, the only issue is whether or not it's punishable as a federal felony. The Board only addressed that issue and did not reach the issue of whether or not there was a trafficking element. So in terms of this case, we have to take a look at whether it's punishable as a federal felony, and not look to the state's classification. So besides the fact that... Well, we'd have to know. It's a state conviction, right? Yes, Your Honor. So we have to look at the state conviction, and we have to see what the contours of a state conviction are, and if the state conviction is broader than the federal conviction, that's a relevant consideration, correct? Yes, Your Honor. However, the classification as to whether it's a misdemeanor or a felony does not control whether or not it's an aggravated felony and a drug trafficking crime, and that is what the Supreme Court stated in Lopez, and what this Court has also recognized. But could you address the possible distinction between the state requirement that the activity be knowingly, and the federal requirement that it be knowingly and intentionally? Yes, Your Honor. There really is no distinction. If we take a look at this plain language of the state statute, as well as case law that is annotated dealing with the knowing requirement for the state statute, as well as the case law that is applicable on the knowingly and intentionally, there really is no distinction. Petitioner overlooks the fact that the state statute requires not only that the petitioner knowingly make available the space for unlawful activity, but that they know that it is for the purpose of unlawful activity. Know that for whose purpose? I'm sorry, Your Honor? You say know that it is for the purpose. Whose purpose? It does not state, it just simply states for the purpose of, that the use of the space is for the purpose of unlawful manufacturing, storing, or distribution of a controlled substance. But it sounds to me that the natural construction of that language, in my understanding of the California statute, is that it's sufficient under the California statute if I know that I'm using my barn for an illegal purpose. Whether I specifically intend that that be my purpose, too, doesn't matter. I know that that is their purpose, and they're using it for that purpose. Would you agree that that's what the California statute punishes? Your Honor, in People v. Glenos, which is 10 Cal Reporter 2nd, 363, the court stated that in order to obtain a conviction under the state statute, it required that the prosecution prove the owner's knowledge that the manufacturing was for the purpose of sale or distribution, and that in the absence of any knowledge that there was that illegal activity, and that the space was being used for it, that they had allowed use of that space for that purpose, it couldn't be a conviction. I understand that. That's a distinction from intentionally do it because there is no actual traffic. I'm not sure you responded or perhaps understood my question. Is it sufficient for a conviction under the California statute if I have rented out my barn to people who are using it to further their purpose of illegal drug use or storage or sale? That is to say, without knowing anything about my purpose beyond the fact that I simply know that they're doing it, and that they have that purpose. Your Honor, whether there, it would be sufficient that there's no trafficking requirement of the defendant. I'm talking about purpose, not trafficking. I'm talking about purpose. Yes, Your Honor. The defendant doesn't have to have the purpose of actually engaging in the trafficking aspect of it. It's sufficient that the people renting the barn from him have that purpose. And that the defendant recognize that that is the purpose that is being served. And in the federal conviction, that also requires, similarly, that the defendant not be intending to engage in any kind of trafficking, but rather that the defendant know that they're offering the space for the use of it. Let me try a scenario. I've struggled with this one. And I'll start by noting that in law school we learn the various levels of mens rea. And knowingly and intentionally are on different lines of the chart. But you apply it to particular factual scenarios, sometimes it's hard to figure out what could really be the difference. And that's why I posed the question to the petitioner's counsel, and I'll pose the question to you, and I'll try a scenario. Suppose I've got space, which I give over to my brother's, my nephew. And he just needs some space. I've got space. I've got a barn or something. He can use that space. And I come to suspect what he's doing in that space to the point of, yeah, I could be tagged for knowing that he's using that space to store marijuana that he's selling to other people. So I could be tagged for knowingly making available space to him, which from his perspective was for the purpose of storing the drugs that are going to be trafficked. Could I be tagged for intentionally making that space available to him for that purpose? Is that a scenario that bridges or fits between these two statutes? Your Honor, I don't believe it does. In the hypothetical Your Honor proposed, I don't believe that you could be tagged as knowing or intentionally doing because there's only a suspicion. The state statute requires that you know the unlawful purpose. It's not that you have a suspicion of the purpose and that it may be illegal, but rather you know it. Maybe I've been charitable to myself. Maybe it's the suspicion rises to the level that everybody's got to believe that I probably understood what was going on, or at least a jury could be persuaded that even though I protest my innocence, I have to close my eyes real tight not to understand what was going on. So I'm tagged with knowing. Am I necessarily tagged with intentionally doing that? Your Honor. Do I intentionally have to run with knowing in this context? Your Honor, in this context, we would argue that it does because of the case law and the plain language of the statute. It wouldn't suffice. There's a difference between what petitioners have advocated in referring to the California Penal Code section that defines knowingly and what is required in the federal statute and the state statute here. Knowingly, as defined under the California Penal Code, doesn't require that you know that you're actually committing a crime. But that's different from knowing that somebody else is committing a crime. And by acting with the intent and knowledge that you are providing space to somebody who's committing unlawful activity, you are then subject to conviction both under the federal statute and the state statute. And as a result, he would be, or she would be, punishable for... That's me. I'm throwing myself in the mercy of the court. What's the meaning of intentionally in the federal statute? Why does the federal statute have that additional term? Your Honor, I wouldn't be able to explain it now other than to state that it allows for not only the knowledge of it, but that it provides emphasis at least in terms of what they defined it under United States v. Temez at 941 F. 2nd. 770. The court stated that the knowledge and intent requirement of the federal statute is that it prescribes activity that the defendant knew that the prescribed activity was present, that the owner knew of the activity, and allowed that activity to continue. So in terms of that, this court has not really created a distinction between the knowledge and intent required under the federal statute and the knowledge requirement in the California statute. So in that regard, there really isn't a distinction between it. The question here really is whether Petitioner would be punishable under the federal statute. And in this regard, when referring to this court's interpretation of the federal statute and when comparing it to the state requirement, then they're similar. There's no real distinction here, and Petitioner would be punishable under the Controlled Substances Act. As a result, then Petitioner's conviction constitutes a drug trafficking crime. Moreover, the Petitioner's argument that there is some sort of firearms requirement lacks merit. There is no such requirement. The statute clearly states that in order to be an aggravated felony, that involves illicit trafficking in a controlled substance, including a drug trafficking crime, as defined in Section 924C of Title 18. And when we turn to that section, it only defines a drug trafficking crime as any felony punishable under the Controlled Substances Act. So therefore, the Petitioner's arguments have no merit. Should the court determine, however, that it does not fall within the drug trafficking definition, then the court would have to then remand simply to determine whether there's a trafficking element. Because in this regard, the Board did not address the issue. The Board resolved the issue only on whether or not the Petitioner's conviction was a drug trafficking crime. To be clear, if we were to conclude that the California conviction for knowingly engaging in the activity is broader than the federal definition of knowingly and intentionally, I don't think there's necessity for remand? Your Honor, in terms of determining whether or not it is an aggravated felony? That is to say, if we're doing a categorical approach, we have a California conviction, and if we were to conclude that the behavior covered within the full scope of the California conviction is broader than the aggravated felony as defined under federal law, I think that's the end of the case, isn't it? Such that it would not be an aggravated felony? That is to say, if we conclude that it's not an aggravated felony under federal law, because this looks like a categorical case to me. Your Honor, respectfully, I would disagree because under Cesare's Gutierrez, then the court has determined that there's two different areas where a conviction can qualify as an aggravated felony. One is a drug trafficking crime that is punishable as a felony under the federal drug laws, or two, it entails a trafficking element, and that is what was addressed in Lopez. That involved a case where there was a trafficking element, and it wasn't limited to whether it was a drug trafficking crime. Thank you, Your Honor. Thank you, Ms. Mike. Mr. Bennett, rebuttal? I just simply submit that the definitional section for the California 7 parenthesis 5 under the Penal Code has to be the definition of knowingly for the California statute, and we're bound by that particular language used by the legislature. Secondly, on the gun issue, it's not completely irrational to include the gun offense. Use a gun, you get a more severe punishment as an aggravated felon, you suffer civil consequences of deportation. I just submit it on that. Okay. Thank both of you for your argument. The case of Guerra, excuse me, Udavi-Mendez v. Gonzalez is now submitted for decision.
judges: Silverman, W. Fletcher, Clifton